# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENE BARRERA<br>1040 Melrose Avenue<br>Trenton, NJ 08629<br><br>   Plaintiff,<br><br>  v.<br><br>AMERIGAS PROPANE, INC.<br>d/b/a AmeriGas<br>80 N. Main Street<br>Windsor, NJ 08561<br><br>   Defendant. | CIVIL ACTION<br><br>NO.: _____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Rene Barrera (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by AmeriGas Propane, Inc. d/b/a AmeriGas (hereinafter referred to as "Defendant") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the New Jersey Law Against Discrimination ("NJ LAD"), and Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.).[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under Title VII are referenced herein for notice purposes. Plaintiff has filed national origin discrimination, race discrimination, and retaliation claims under Title VII with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff intends to amend his complaint to include claims pending before the EEOC once such claims are fully and administratively exhausted.

## JURISDICTION AND VENUE

2. This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co v. State of Washington*, 326 U.S. 310 (1945), and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

6. Plaintiff is an adult who resides at the above-captioned address.

7. Defendant is one of the largest retail propane with locations throughout the United States, including the location at which Plaintiff physically worked in Windsor, NJ (as identified in the above caption).

8. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

10. Plaintiff is a Hispanic male from Guatemala.

11. Plaintiff was hired to work for Defendant on or about September 27, 2013 as a driver (doing deliveries).

12. Plaintiff remained employed with Defendant until his unlawful termination on or about October 8, 2020 (discussed further *infra*).

13. At all times relevant herein, Plaintiff was supervised by Beth Carr (Caucasian/American – hereinafter "Carr").

14. While under the supervision of Carr, Plaintiff was treated in a discriminatory manner based on his race and/or national origin.

15. For example, unlike Plaintiff's non-Hispanic and/or non-Guatemalan co-workers, Carr:

  (1) Talked down to Plaintiff and treated him in a rude and demeaning manner;

  (2) Treated Plaintiff like he was stupid;

  (3) Consistently gave Plaintiff less desirable assignments, which included difficult routes with multiple stops and long-distance routes;

  (4) Constantly assigned Plaintiff to the oldest and most disgraceful trucks, while giving newer trucks to employees who fell outside of his protected classes;

(5) Treated Plaintiff disparately in denying his requests for time off;

(6) Selectively enforced policies against Plaintiff and disciplined him for things that other employees would do and not be disciplined for;

(7) Gave Plaintiff low raises, despite being assigned the most work (which he would successfully complete on a consistent basis); and

(8) Mocked his accent.

16. As a result of Carr's aforesaid discriminatory and disparate treatment of Plaintiff, Plaintiff complained to Carr on <u>at least 3</u> occasions during his last several months of employment with Defendant, stating that he felt she was treating him unfairly because he is from Guatemala, unlike everyone else.

17. Plaintiff also informed Carr during this time frame that he believed she "discriminates" against him when considering his requests for time of.

18. Plaintiff began to express his concerns of discrimination to Carr towards the end of his employment with Defendant because:

    a. Plaintiff wanted to travel to Guatemala and since Carr had treated him disparately in the past when requesting time off, he wanted to make sure she treated him fairly this time around; and

    b. Plaintiff was being assigned to some unsafe trucks, which were not being given to other people who fell outside of his protected classes and he wanted to correct this issue before his safety was further put at risk.

19. While Carr approved Plaintiff's trip to Guatemala beginning on or about September 22, 2020[2], she then abruptly fired Plaintiff, claiming that he came back a day too late from vacation.

20. Plaintiff and Carr had discussed Plaintiff's absence from work and she knew when Plaintiff was supposed to return.

21. Plaintiff believes and therefore avers that he was really terminated from his employment with Defendant because of his race, national origin *and especially because of his complaints of discrimination to Carr in the weeks and months preceding his termination.*

## COUNT I
## Violations of 42 U.S.C. Section 1981
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**

22. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23. During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through disparate treatment, pretextual discipline, and demeaning and/or derogatory treatment because of his race.

24. Shortly following several complaints to Carr about the discrimination he believed he was being subjected to because of his race, Plaintiff was abruptly terminated from his employment with Defendant.

25. Plaintiff believes and therefore avers that he was terminated from his employment with Defendant because of his race and/or complaints of racial discrimination.

26. These aforesaid actions constitute violations of 42 U.S.C. §1981.

---

[2] Plaintiff's trip was supposed to start on September 21, 2020 but due to Covid-19 issues, his flight was pushed back one day.

## COUNT II
### Violations of the NJ LAD
([1] Race/National Origin Discrimination; [2] Retaliation; and [3] Hostile Work Environment)

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. During Plaintiff's employment with Defendant, he was subjected to discrimination and a hostile work environment through disparate treatment, pretextual discipline, and demeaning and/or derogatory treatment because of his race and/or national origin.

29. Shortly following several complaints to Carr about the discrimination he believed he was being subjected to because of his race and/or national origin, Plaintiff was abruptly terminated from his employment with Defendant.

30. Plaintiff believes and therefore avers that he was terminated from his employment with Defendant because of his race/national origin and/or because of his complaint about race/national origin discrimination.

31. These aforesaid actions constitute violations of the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful,

deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

   D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

   E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

          Respectfully submitted,

          **KARPF, KARPF & CERUTTI, P.C.**

     By: _____
       Ari R. Karpf, Esq.
       3331 Street Rd.
       Two Greenwood Square, Suite 128
       Bensalem, PA 19020
       (215) 639-0801

Dated:  December 22, 2020